IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00692-BNB

CHARLES RAMOS, JR.,

    Applicant,

v.

WARDEN SUSAN JONES, CoDOC, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Charles Ramos, Jr., is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado State Penitentiary in Cañon City. Mr. Ramos filed *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his convictions in Weld County District Court Case Numbers 00CR1554, 00CR1268, 00CR1584, 01CR467, and 01CR745 on charges of second-degree assault. Mr. Ramos alleges he was sentenced to ten to sixteen years of incarceration, and he seeks the reversal of his convictions and his release from incarceration. Mr. Ramos has paid the $5.00 filing fee in a habeas corpus action.

    The Court must construe liberally Mr. Ramos's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an

advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the habeas corpus application will be denied and the action dismissed.

Mr. Ramos previously sought habeas corpus relief pursuant to § 2254 in this Court challenging the validity of the same state court convictions and sentences.  *See Ramos v. Reed*, No. 05-cv-01072-ZLW (D. Colo. Sept. 8, 2005).  "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record."  *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

On September 8, 2005, the Court denied the § 2254 application in No. 05-cv-01072-ZLW as time-barred and dismissed the action.  Mr. Ramos did not appeal.  "Dismissal of a petition as time barred operates as a dismissal with prejudice, meaning that future applications will be treated as 'second or successive' petitions subject to the heightened requirements of [28 U.S.C.] § 2244(b)."  *Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006).

Pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h), Mr. Ramos must apply to the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) for an order authorizing this Court to consider a second or successive habeas corpus application.  *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam).  In the absence of such authorization, this Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application.  *See id.* at 1251.  A state prisoner seeking authorization to file a second or successive petition § 2254 application must demonstrate that any claim he seeks to raise is based on "a new rule of

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Ramos fails to allege that he has obtained Tenth Circuit authorization for this Court to consider the instant second or successive application. *See* ECF No. 1 at 7. Therefore, assuming he has not sought or obtained such authorization, the Court either must dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be considered in deciding whether a transfer is in the interest of justice include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. A transfer is not in the interest of justice when the claims being raised in the second or successive application do not meet the statutory requirements set forth in § 2244(b)(2). *See id.* at 1252.

In the § 2254 application (ECF No. 1) Mr. Ramos filed on March 19, 2012, again challenging his convictions in 00CR1554, 00CR1268, 00CR1584, 01CR467, and 01CR745, he asserts three claims he contends he raised in a May 2010 postconviction

motion pursuant to Rule 35(b) and (c) of the Colorado Rules of Criminal Procedure. Those claims allege perjury by a state witness (claim one), subornation of perjury (claim two), and ineffective assistance of counsel (claim three).  Mr. Ramos asserts that the trial court denied his Colo. R. Crim. P. 35(b) and (c) motion, the state appeals court affirmed, and the state supreme court denied certiorari review on March 5, 2012. Therefore, he argues, his application is timely.

Mr. Ramos is mistaken.  The claims asserted in the instant action are not based on either a new rule of constitutional law made retroactively applicable to cases on collateral review or newly discovered facts, and do not meet the requirements in § 2244(b)(2).  *See also* 28 U.S.C. § 2255(h).  Therefore, the Court finds that a transfer is not in the interest of justice for this reason alone.  *See id.*

Consideration of the other relevant factors also supports this conclusion.  Two of Mr. Ramos's three asserted claims are not presented as federal constitutional claims, and even if the claims have merit, the habeas corpus application is so obviously out of time that transfer does not appear to be justified.  Finally, it does not appear that the claims were filed in this Court in good faith because it was clear when the instant action was filed that this Court lacks jurisdiction over Mr. Ramos's claims because they attack the validity of the same convictions challenged in his prior habeas corpus action denied in 2005 as time-barred.  As a result, the Court finds that a transfer of the instant action to the Tenth Circuit is not in the interest of justice.  Instead, the action will be dismissed for lack of jurisdiction.  If Mr. Ramos obtains Tenth Circuit authorization for this Court to consider a second or successive application, he may assert his habeas corpus claims in a new and separate § 2254 action.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Ramos files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application pursuant to 28 U.S.C. § 2254 is denied, and the action dismissed for lack of jurisdiction.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant, Charles Ramos, Jr., has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that any pending motions are denied as moot.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   23rd   day of   April  , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court